UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. CHRISTOPHER FREY, | § § § § § | |
| Plaintiff/Relator, | | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-0920-B |
| HEALTH MANAGEMENT SYSTEMS, INC., | § § § § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Health Management Systems, Inc. ("HMS")'s Unopposed Motion for Leave to File a Redacted Exhibit to its Summary Judgment Briefing (Doc. 182).[1]

I.

BACKGROUND

At its crux, this case is about the adequacy of HMS's third-party liability services to state Medicaid agencies.[2] Medicaid is a payor of last resort, and therefore, federal law requires state Medicaid agencies to seek reimbursement from liable third parties for medical costs improperly paid by Medicaid. Doc. 141, Mem. Op. & Order, 2–3. State Medicaid agencies contract with HMS to identify such third-party sources of insurance or payment for reimbursement. *Id.* Plaintiff Frey alleges HMS failed to timely bill liable third parties and maintain up-to-date internal records of

---

[1] The title of the motion has been shortened for clarity.

[2] A more fulsome explanation of the factual background can be found in this Court's May 2, 2023 Memorandum Opinion & Order denying Defendant's Motion to Dismiss for Lack of Jurisdiction. Doc. 141, Mem. Op. & Order, 2–7.

third parties, costing state Medicaid agency clients millions of dollars.

In the instant unopposed motion, HMS seeks leave to file redactions to Exhibit E of its summary judgment briefing (Doc. 182). Exhibit E is an email chain containing as an attachment Exhibit O to Relator's Motion for Partial Summary Judgment. *See* Doc. 182, Mot. Redact, ¶ 4, Ex. 2. Exhibit E provides "necessary context" to Exhibit O, a spreadsheet created by HMS employees. Doc. 182, Mot. Redact, ¶ 7. Although HMS once sought to file Exhibit O under seal, its renewed motion to seal indicates HMS no longer seeks to seal Exhibit O. Doc. 188, Mot. Seal, 5–6. Instead, HMS seeks to redact two categories of information in Exhibit E: (1) the name of the Tennessee insurance carrier related to claims charted in Exhibit O, and (2) correspondence regarding troubleshooting issues with a "Pharmacy Benefits Manager." Doc. 182, Mot. Redact, ¶¶ 7, 11. The Court considers only the motion as to Exhibit E and will address Exhibit O in a separate order.

## II.

## LEGAL STANDARD

The Fifth Circuit heavily disfavors the sealing of documents placed on the record because "the public's right of access to judicial records is a fundamental element of the rule of law." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022). Maintaining transparency through public access to judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Id.* "The rationale for public access is even greater where . . . the case involves matters of particularly public interest." *Id.* at 520 (quoting *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020); *see also Under Seal v. Under Seal*, 27 F.3d 564, 1994 WL 283977, at *2 (4th Cir. 1994) (unpublished) ("Courts have also recognized

that when cases involve matters of particularly public interest, such as misspent government funds, the rationale for public access is even greater."). Nonetheless, the public's common law right of access to judicial records "is not absolute." *Bradley*, 954 F.3d at 225.

Redacting can be preferable to sealing when the redactions are less restrictive on the public's right of access. *See United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (recognizing redaction "is often practicable and appropriate as the least restrictive means of safeguarding sensitive information."). To decide whether to permit redactions, "the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *June Med. Servs.*, 22 F.4th at 521 (internal quotations omitted). Ultimately, "courts should be ungenerous with their discretion," and to the extent a redaction is necessary, it must be "congruent to the need." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418, 420 (5th Cir. 2021)).

### III.

### ANALYSIS

HMS seeks to redact two categories of information in Exhibit E—an insurance carrier's name and a conversation regarding a Pharmacy Benefits Manager—on the grounds that they are confidential, commercially sensitive, and/or irrelevant to this suit. The parties do not dispute that HMS's proposed redactions leave intact "all of the substantive information in Exhibit E pertinent to the parties' arguments." Doc. 182, Mot. Redact, ¶ 9. But seeking unopposed redactions does not alone satisfy a party's obligation to adequately explain how nondisclosure interests overcome the public's interest in accessing information in the judicial record. *June Med. Servs.*, 22 F.4th at 521. The Court balances these competing interests with respect to each category of information.

A.     *Identity of Tennessee Insurance Carrier*

HMS asserts a persuasive interest in protecting the name of the insurance carrier cited in Exhibit E. HMS does not dispute the carrier's identity has relevance; rather, HMS argues the name should be redacted because it is confidential and commercially sensitive. Doc. 182, Mot. Redact, ¶¶ 10, 15–16. Exhibit E is not yet in the public record and has been marked as "Confidential" under the Protective Order. *Id.* ¶ 15. HMS contends the carrier's identity *in conjunction with* the information in Exhibit O[3] would be of "significant interest to any of HMS's competitors trying to gain traction in the [third-party liability services] space." *Id.* According to HMS, its third-party liability business "depends in part on [HMS's] ability to create and maintain relationships with insurance carriers." *Id.* ¶ 10. Though scant, HMS's assertions permit the logical inference that learning the carrier's name and the nature of its relationship with HMS would provide competitors insight into potential weaknesses they could exploit to disrupt HMS's commercial relationship.

The public's right of access here is "not absolute." *See Bradley*, 954 F.3d at 225. The Court notes the carrier's name does not provide a basis for summary judgment, diminishing the importance of public access. *Cf. Binh Hoa Le*, 990 F.3d at 420, n.41 ("Materials used by a court in granting summary judgment, a dispositive motion that adjudicates the legal merits of a case and that essentially substitutes for trial, present the clearest example of judicial records presumptively subject to public scrutiny." (citation omitted)). Unlike the sealing at issue in *Binh Hoa Le*, the redaction to the carrier's name is tailored to the non-disclosure interest asserted, leaving all other information contextualizing Exhibit O available to the public. *Id.* at 419–20. *Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *8 (W.D. Tex. Mar. 1, 2022)

---

[3] Exhibit O does not contain the carrier's name.

(recognizing redaction generally preferred to sealing entire document). The public also retains access to all of the data in Exhibit O. Doc. 188, Mot. Seal, 5–6. Indeed, it is difficult to imagine a compelling public interest in accessing the carrier's name. It does not hurt that this narrow redaction is unopposed by Frey. As the party seeking to vindicate the federal government's interests in this *qui tam* suit, Frey would be well-positioned to assert any other countervailing disclosure interest against such a tailored redaction. Having conducted a "line-by-line balancing" of interests, the Court concludes the requested redaction is warranted. *June Med. Servs.*, 22 F.4th at 521. The tailored redaction is "congruent to the need" to protect HMS's relationship with the insurance carrier as it leaves all other information related to the carrier available to the public. *Id.*

B.   *Discussion Involving Pharmacy Benefit Manager*

HMS also seeks to redact all email correspondence regarding a "Pharmacy Benefit Manager" (the "Conversation"). HMS never explains what a pharmacy benefit manager is or its relation to HMS's business, but the Conversation's plain words illustrate HMS was having problems getting certain claims paid and/or processed for its clients. Doc. 182, Mot. Redact, ¶¶ 15–16. The Conversation covers three issues: (1) "Claim Denials"; (2) "Outstanding Payments" concerning "some of [HMS's] clients"; and (3) "Electronic Platforms" to submit claims for "all of [HMS's] clients." *Id.*, Ex. 2, 16.

On one end of the scale, the Conversation's subject matter provokes a strong interest in the public's right of access. HMS provides containment cost services for Medicaid agencies and other government healthcare agencies across the country. Doc. 67, Answer, 2. At least part of the Conversation implicates "[c]laims processing turnaround" as to "all of [HMS's] clients," which would include Medicaid agencies. Doc. 182, Mot. Redact, Ex. 2, 16. *Id.* "Outstanding Payments"

as to "some of [HMS's] clients" also appear relevant in the context of this *qui tam* suit. *Id.* HMS asserts the Conversation "does not bear on the Court's analysis of the issues." Doc. 182, Mot. Redact, ¶¶ 7, 17. But the Court cannot simply rely on the parties' word that information is irrelevant especially when the content, in fact, suggests a strong public interest in disclosure. In contrast to the redaction of the carrier's name, the proposed redaction of the Conversation extends to a vast amount of information implicating government agencies and funds. Id., Ex. 2, 16. HMS makes the blanket assertion that the Conversation does not impact the arguments in this case. *Id.* However, especially, given the wider scope of the redaction, it is difficult to agree with HMS without further explanation. For example, the federal government reserves its right to intervene in this action as a plaintiff, which could conceivably expand the universe of arguments considered. Doc. 14, ¶ 4. At the very least, HMS must explain why the Conversation's implication of Medicaid agencies and funds is irrelevant to this suit, and why the Conversation therefore does not affect the public's right of access to judicial records. *Cf. Ackal*, 954 F.3d at 225 (5th Cir. 2020); *see also Under Seal*, 1994 WL 283977, at *2.

HMS cites in support of its irrelevance argument, *MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781-B, 2022 WL 18034481 (N.D. Tex. Oct. 28, 2022) (Boyle, J.). But that case is factually distinct. In *MIECO*, this Court granted a motion to seal documents exposing the plaintiff's confidential third-party contracts, which included the third parties' identities and the parties' contractual terms. 2022 WL 18034481 at *2. There, the Court explained the public's right of access was limited because the contracts were merely between the plaintiff and third parties. *Id.* The Conversation does not only reference confidential transactions with third parties. Rather, the

Conversation implicates "all of [HMS's] clients," including state Medicaid agencies. Doc. 182, Ex. 2, 16. The Court cannot deem the Conversation irrelevant to the case and the public.

Besides its relevance argument, HMS asserts confidentiality and commercial-sensitivity interests in favor of non-disclosure. The confidentiality interest is apparent. Exhibit E has been produced as "Confidential" under the Protective Order, and the Conversation relates to HMS's client transactions. Doc. 182, Mot. Redact, ¶ 15, Ex. 2. A plain reading of the Conversation does not, however, make clear HMS's asserted commercial-sensitivity interest. All HMS provides is a vague assertion that the Conversation relates to "HMS's business processes and business relationships . . . [and] would be of interest to HMS's competitors. Doc. 182, Mot. Redact, ¶ 16. Without knowing exactly "*how* [the Conversation] could be valuable to competitors," the Court cannot recognize a commercial-sensitivity interest. Doc. 177, Mem. Op. & Order, 4.

Public access to judicial documents is an important responsibility entrusted to courts because such public accessibility enhances the legitimacy of the judiciary and judicial orders. *See Le*, 990 F.3d at 417. Based on a "line-by-line" review of the Conversation, the Court concludes that the balance of interests favors the public. *June Med. Servs.*, 22 F.4th at 521. This is a *qui tam* suit regarding HMS's cost containment services for state Medicaid agencies. HMS's conclusory assertions of Conversation's irrelevance and commercial sensitivity are overshadowed by the public interest in information implicating Medicaid agencies and government funds.

## IV.

## CONCLUSION

For these reasons, HMS's Unopposed Motion for Leave to File a Redacted Exhibit to its Summary Judgment Briefing is **GRANTED IN PART and DENIED IN PART**. HMS may file a

renewed motion to address the deficiencies described herein. HMS is **ORDERED** to confirm that its proposed redactions to the carrier's name encapsulate all instances in which the name appears in Exhibit E. *See* Doc. 182, Mot. Redact, Ex. 1.

**SO ORDERED.**

**SIGNED: October 5, 2023.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE